EXHIBIT "2"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------------x
RS OLD MILLS RD, LLC,

       *Plaintiff*,

  -against-

SUFFERN PARTNERS, LLC,

       *Defendant*.
-----------------------------------------------------------------------x
SUFFERN PARTNERS, LLC,

       *Third-Party Plaintiff*,

  -against-

AVROHOM KAUFMAN,

       *Third-Party Defendant*.
-----------------------------------------------------------------------x

Index No.: 031809/2020

**AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS AND
THIRD-PARTY COMPLAINT**

  Defendant Suffern Partners, LLC ("Defendant"), by its attorneys, Oved & Oved LLP, as and for its Amended Answer to Plaintiff RS Old Mills RD, LLC's ("Plaintiff") Complaint, upon information and belief, states as follows:

  1. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

  2. Admits the allegations contained in Paragraph 2 of the Complaint.

  3. Denies the allegations contained in Paragraph 3 of the Complaint.

  4. Repeats and realleges each and every admission and denial in response to those paragraphs of the Complaint referred to in Paragraph 4 of the Complaint as though fully set forth herein.

  5. Denies the allegations contained in Paragraph 5 of the Complaint.

6. Denies the allegations contained in Paragraph 6 of the Complaint.

7. Denies the allegations contained in Paragraph 7 of the Complaint.

8. Denies the allegations contained in Paragraph 8 of the Complaint.

9. The allegations contained in Paragraph 9 of the Complaint contain conclusions of law and therefore no response is required. To the extent, if any, a response is deemed to be required, Defendant denies the allegations contained therein, except admits that Plaintiff commenced this action.

10. No response is required as this cause of action was dismissed pursuant to the Court's August 20, 2020 Decision and Order (NYSCEF Dkt. No. 72) (the "Order"). To the extent a response is required, Defendant repeats and realleges each and every admission and denial in response to those paragraphs of the Complaint referred to in Paragraph 10 of the Complaint as though fully set forth herein.

11. No response is required as this cause of action was dismissed pursuant the Court's Order. To the extent a response is required, Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. No response is required as this cause of action was dismissed pursuant the Court's Order. To the extent a response is required, Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. No response is required as this cause of action was dismissed pursuant the Court's Order. To the extent a response is required, Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. No response is required as this cause of action was dismissed pursuant the Court's Order. To the extent a response is required, Defendant denies the allegations contained in

Paragraph 14 of the Complaint, and specifically denies that Plaintiff is entitled to the relief stated therein or any other relief whatsoever against Defendant.

15. Repeats and realleges each and every admission and denial in response to those paragraphs of the Complaint referred to in Paragraph 15 of the Complaint as though fully set forth herein.

16. Denies the allegations contained in Paragraph 16 of the Complaint, but states that Plaintiff sold the Property to Defendant and that Plaintiff executed a deed and tendered title to Defendant.

17. Denies the allegations contained in Paragraph 17 of the Complaint.

18. Denies the allegations contained in Paragraph 18 of the Complaint.

19. Denies the allegations contained in Paragraph 19 of the Complaint.

20. Denies the allegations contained in Paragraph 20 of the Complaint, and specifically denies that Plaintiff is entitled to the relief stated therein or any other relief whatsoever against Defendant.

21. Repeats and realleges each and every admission and denial in response to those paragraphs of the Complaint referred to in Paragraph 21 of the Complaint as though fully set forth herein.

22. Denies the allegations contained in Paragraph 22 of the Complaint.

23. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint.

24. Denies the allegations contained in Paragraph 24 of the Complaint, but states that Plaintiff sold the Property to Defendant and that Plaintiff executed a deed and tendered title to Defendant.

25. Denies the allegations contained in Paragraph 25 of the Complaint.

26. Denies the allegations contained in Paragraph 26 of the Complaint.

27. Denies the allegations contained in Paragraph 27 of the Complaint, and specifically denies that Plaintiff is entitled to the relief stated therein or any other relief whatsoever against Defendant.

28. Repeats and realleges each and every admission and denial in response to those paragraphs of the Complaint referred to in Paragraph 28 of the Complaint as though fully set forth herein.

29. Denies the allegations contained in Paragraph 29 of the Complaint.

30. Denies the allegations contained in Paragraph 30 of the Complaint.

31. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Denies the allegations contained in Paragraph 32 of the Complaint, and specifically denies that Plaintiff is entitled to the relief stated therein or any other relief whatsoever against Defendant.

33. Denies each and every allegation set forth in the WHEREFORE paragraph, and specifically denies that Plaintiff is entitled to the relief set forth therein or any other relief against Defendant.

34. Denies each and every allegation in the Complaint not expressly admitted in this Answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any damages, which is denied, any such damages occurred as a result of Plaintiff's own negligence and/or other culpable conduct.

## THIRD AFFIRMATIVE DEFENSE

If Plaintiff sustained any damages as alleged in the Complaint, other than by reason of its own culpable conduct, such damages were caused in whole or in part by the culpable conduct of some third person or persons over whom Defendant neither had nor exercised control.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's own bad faith, misrepresentations, fraud, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's alleged breach of contract did not cause Plaintiff any cognizable harm.

## SIXTH AFFIRMATIVE DEFENSE

Defendant did not breach any of its agreements with Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by facts showing illegality by statute or common law.

## EIGTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by collateral estoppel, res judicata, waiver, release, discharge, and laches.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by consent, authorization, approval, acquiescence, and/or ratification of the actions about which it now complains.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by documentary evidence.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged damages, its entitlement to which is expressly denied.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and/or damages, its entitlement to which being expressly denied, were caused by Plaintiff's own actions, omissions, or conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join and/or serve necessary and/or indispensable parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the applicable statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if it were allowed to recover the damages as alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

The allegations set forth in the Complaint are false, frivolous, and groundless, and Defendant reserves the right to seek sanctions, attorneys' fees, costs, and damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), dated January 14, 2020, and all proceedings related thereto.

## RESERVATION OF RIGHTS

Defendant gives notice that it intends to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserves the right to amend this Answer to assert such additional defenses.

## COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

Defendant, by way of its counterclaims against Plaintiff and its Third-Party Complaint against Third-Party Defendant Avrohom Kaufman, upon information and belief, alleges as follows:

## PARTIES

1. Defendant is a domestic limited liability company with a principal place of business located in the State of New York.

2. Plaintiff, upon information and belief, is a domestic limited liability company with a purported principal place of business located in the State of New York. Plaintiff is an empty shell and a sham company.

3. Third-Party Defendant Avrohom Kaufman ("Kaufman"), upon information and belief, is an individual residing in the State of New York and is the sole member and sole manager of Plaintiff.

4. Upon information and belief, Kaufman controls and dominates Plaintiff and has caused Plaintiff to not adhere to corporate formalities, such as not keeping corporate records, not holding corporate meetings, and not electing directors. Kaufman originally created Plaintiff for the sole purpose of holding title to the Property for several hours before Kaufman caused Plaintiff to transfer the Property to Defendant, and is now using Plaintiff as a vehicle to launch a nuisance strike suit against Defendant in a transparent attempt to extract an unwarranted settlement

payment. Plaintiff has no assets and is inadequately capitalized. Funds are put into and taken out of Plaintiff at Kaufman's direction and for Kaufman's personal benefit. Plaintiff does not have a physical office address, but uses the office address of Kaufman's personal attorney as its New York Department of State service of process address. In short, Plaintiff is nothing more than the alter ego of Kaufman.

## FACTS

5.  By deed, dated September 5, 2017, executed by Kaufman and recorded with the Rockland County Clerk on September 14, 2017 (the "Deed"), Defendant transferred to Plaintiff ownership of the real property located at 25 Old Mill Road, Suffern, New York; 19 Hemion Road, Montebello, New York; Route 59, Suffern, New York (the "Property").

6.  Plaintiff timely tendered all amounts due to purchase the Property.

7.  Plaintiff subsequently took full possession, ownership and control of the Property.

8.  Thereafter, pursuant to a Purchase and Sale Agreement, dated March 9, 2020 (the "PSA"), Defendant agreed to sell the Property to IT Holder Entity LLC ("Purchaser") in exchange for, among other things, $55 million. The PSA required a closing by July 22, 2020.

9.  After Kaufman and Plaintiff learned of the PSA, and nearly three years after Kaufman executed the Deed and caused Plaintiff to deliver the Deed to Defendant, Kaufman caused Plaintiff to commence the instant action, incredibly claiming that Plaintiff suddenly realized that it allegedly did not receive $30 million that Defendant purportedly agreed to pay Plaintiff to purchase the Property.

10. In connection with commencing this sham action, Kaufman directed Plaintiff to file two notices of pendency on the Property (the "Improper Notices of Pendency").

11.     Around the same time, Plaintiff and Kaufman each began, and have continued to, falsely communicate to multiple individuals and entities in Rockland County and the greater New York City area that Plaintiff is the true title holder of the Property and that Defendant does not have good title (the "False Communications").

12.     The sole purpose of Kaufman directing and causing Plaintiff to commence this action and file the Improper Notices of Pendency, and of Kaufman and Plaintiff making the False Communications was and is to prevent Defendant from selling the Property in a transparent, bad faith attempt to impermissibly extract an unwarranted settlement payment from Defendant. To the extent Kaufman's and Plaintiff's scheme succeeded, any settlement payment from Defendant to Plaintiff would be immediately disbursed for Kaufman's sole benefit.

13.     As a direct result of Kaufman causing Plaintiff to commence this action and file the Improper Notices of Pendency, and of Kaufman and Plaintiff making the False Communications, Defendant was unable to close pursuant to the PSA.

14.     In order to salvage the transaction, on July 21, 2020, Defendant agreed with the Purchaser to amend the PSA, pursuant to the First Amendment to Purchase and Sale Agreement (the "Amendment"), to, among other things, reduce the purchase price from $55 million to $52.5 million and extend the closing date to August 27, 2020.

15.     To date, the misconduct of Kaufman and Plaintiff in commencing this action and filing the Improper Notices of Pendency, and in making the False Communications have prevented Defendant from selling the Property to the Purchaser pursuant to the Amendment or any other agreement.

## FIRST COUNTERCLAIM
### (Slander of Title)

13.     Defendant repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

14.     As set forth above, as a direct result of Kaufman causing Plaintiff to commence this action and file the Improper Notices of Pendency, and of Kaufman and Plaintiff making the False Communications, Kaufman and Plaintiff have falsely cast doubt on the validity of Defendant's title to the Property.

15.     As set forth above, Kaufman and Plaintiff made these statements casting doubt on the validity of Defendant's title to the Property with the actual intent and calculated effort to cause harm to Defendant.

16.     As set forth above, as a result of Kaufman's and Plaintiff's conduct, Defendant has incurred special damages in an amount to be determined at trial, but not less than the $2.5 million reduction in the agreed-upon sale price of the Property, plus additional carrying costs on the Properties, including but not limited to those caused by the delay in closing on the PSA and the Amendment, interest, penalties, title-related fees, and attorney's fees and costs.

17.     By reason of the foregoing, Defendant is entitled to damages to be determined at trial, but not less than $2.5 million.

## SECOND COUNTERCLAIM
### (Tortious Interference with Contract)

18.     Defendant repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

19.     As set forth above, Defendant and Purchaser entered into the PSA, which is a valid and binding contract. At all relevant times, Kaufman and Plaintiff were aware of the PSA.

20. As set forth above, Kaufman and Plaintiff intentionally, improperly and without justification caused a breach of the PSA. But for Kaufman's and Plaintiff's conduct, there would not have been a breach of the PSA.

21. As set forth above, Defendant and Purchaser entered into the Amendment, which is a valid and binding contract. At all relevant times, Kaufman and Plaintiff were aware of the Amendment.

22. As set forth above, Kaufman and Plaintiff intentionally, improperly and without justification caused a breach of the Amendment. But for Kaufman's and Plaintiff's conduct, there would not have been a breach of the Amendment.

23. As set forth above, as a result, Defendant has been damaged.

24. By reason of the foregoing, Defendant is entitled to damages to be determined at trial, but not less than $55 million.

### THIRD COUNTERCLAIM
**(Tortious Interference with Prospective Economic Advantage)**

25. Defendant repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

26. As set forth above, Defendant has a business relationship with Purchaser.

27. As set forth above, Kaufman and Plaintiff intentionally, through wrongful means, and with malice directly interfered with Defendant's ability to sell the Property to the Purchaser.

28. As set forth above, as a result of Kaufman's and Plaintiff's misconduct, Defendant's business relationship with Purchaser has been damaged.

29. By reason of the foregoing, Defendant is entitled to damages to be determined at trial, but not less than $55 million.

## FOURTH COUNTERCLAIM
### (Abuse of Process)

30. Defendant repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

31. As set forth above, in this action, Plaintiff seeks relief against Defendant in the form of money damages for an alleged breach of contract related to Plaintiff's willful conveyance of the Property to Defendant.

32. As set forth above, notwithstanding that Plaintiff seeks money damages and has an adequate remedy at law, Kaufman caused Plaintiff to file the Improper Notices of Pendency.

33. As set forth above, Kaufman and Plaintiff filed the Improper Notices of Pendency with the intent to harm Defendant, without excuse or justification, and have used such process in a perverted manner to obtain a collateral objective, including to create a cloud on Defendant's status as the *bona fide* title holder of record for the Property and to unlawfully interfere with Defendant's ability to sell the Property to the Purchaser.

34. Kaufman and Plaintiff filed the Improper Notices of Pendency in a bad faith attempt to extract an unwarranted payment from Defendant in exchange for settlement of claims that Kaufman and Plaintiff know have no merit in fact or law and have no likelihood of success.

35. As a result, Defendant has been damaged.

36. By reason of the foregoing, Defendant is entitled to damages an amount not less than $2.5 million, plus interest and costs.

## FIFTH COUNTERCLAIM
### (Piercing the Corporate Veil)

37. Defendant repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

38. Kaufman has dominated Plaintiff with respect to the misconduct set forth above, which misconduct has damaged, and continues to damage, Defendant.

39. As set forth above, Defendant is entitled to pierce Plaintiff's corporate veil because Kaufman has caused Plaintiff to be inadequately capitalized; has used Plaintiff's funds as his own and does not treat Plaintiff as an independent profit center; Plaintiff does not have its own office space, but uses Kaufman's personal attorney's address as its New York Department of State address for service of process; Plaintiff does not each have its own business discretion and is controlled by Kaufman; Kaufman uses the property of Plaintiff as if it was his own; and Kaufman will personally benefit by his misuse of Plaintiff's corporate form.

40. By reason of the foregoing, Defendant is entitled to damages to be determined at trial, but not less than $55 million.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant seeks judgment against Kaufman and Plaintiff as follows:

(i) Dismissal of the Complaint in its entirety with prejudice;

(ii) Damages, including punitive damages, in an amount to be determined at trial;

(iii) Costs and disbursements incurred in this suit;

(iv) Reasonable attorneys' fees to the full extent permitted by applicable law; and

  (v)  Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   September 29, 2020

                   <u>/s/ Glen Lenihan</u>
                   Terrence A. Oved, Esq.
                   Aaron J. Solomon, Esq.
                   Glen Lenihan, Esq.
                   OVED & OVED LLP
                   *Attorneys for Defendant*
                   401 Greenwich Street
                   New York, New York 10013
                   Tel.: 212.226.2376