EXHIBIT "6"

SUPREME COURT: STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------X
RS OLD MILLS RD, LLC,

           Plaintiff,

  -against-

SUFFERN PARTNERS, LLC,

           Defendant.
------------------------------------X
SUFFERN PARTNERS, LLC,

           Third-Party Plaintiff,

  -against-

AVROHOM KAUFMAN,

           Third-Party Defendant.
------------------------------------x

To commence the statutory time period for appeals as of right (CPLR 5513[a]), you are advised to serve a copy of this order, with notice of entry, upon all parties.

**DECISION & ORDER**

Index No: 031809/2020 E

HON. ROLF M. THORSEN, A.J.S.C.

    In this action alleging causes of action for conversion, rescission, declaratory judgment to quiet title and, in the alternative, breach of contract, Defendant/Third-Party Plaintiff Suffern Partners, LLC (hereinafter "Defendant") moves for an order pursuant to CPLR §6515 to fix amounts for undertakings in connection with Plaintiff's Notices of Pendency which were filed with respect to the within matter.[1] The Court has considered the following papers on the motion:

1. Defendant's Order to Show Cause (#005), Attorney Affirmation and Exhibits A through I attached thereto and Lefkowitz Affidavit with Exhibits J and K attached thereto;
2. Plaintiff's Affirmation in Opposition and Exhibits 1 through 6 attached thereto, Salamon Affirmation, Meyer

---

[1] The within action arises out of a complicated series of real estate transactions pertaining to the purchase of several properties and the improvements thereon (hereinafter "the Novartis properties"), which took place in September 2017.

Page -1-

3. Affirmation, and Memorandum of Law in Opposition; and
Defendant's Reply Affirmation and Exhibits L and M attached thereto.

By Decision and Order dated August 20, 2020, this Court denied Defendant's motion seeking cancellation of the Notices of Pendency filed by Plaintiff against the Novartis properties.[2] In its Decision and Order, the Court noted the "complexity of these transactions" as well as "the procedural nuances as a result of the Bankruptcy and District Court proceedings" in deciding the motions. Defendant now seeks the same relief, i.e., cancellation of the Notices of Pendency, but with the added requirement of posting an undertaking pursuant to CPLR §6515 due to the fact that it is currently under contract to sell the property to another buyer.

The Court finds that the relief sought is not appropriate under the circumstances. To begin, the Court notes that Plaintiff's Complaint asserts a cause of action for rescission. "The effect of rescission is to declare the contract void from its inception and to put or restore the parties to the status quo." Broder v. Pallotta & Assoc. Dev., Inc., 186 A.D.3d 1189, 1192 (2d Dept. 2020)(Internal quotations and citations omitted). Cancelling the Notices of Pendency to permit another sale of the property, regardless of whether the parties post an undertaking, will further complicate matters in the event Plaintiff is successful on its cause of action for rescission. As Justice Briscetti stated in his Opinion and Order dated May 8, 2020 in the related bankruptcy proceeding, albeit for different reasons, to allow the sale to proceed would "create an unmanageable, uncontrollable situation" in the event an "unraveling" of the subsequent transactions was required. See, NYSCEF Doc. No. 65.

Based on the foregoing, it is hereby

ORDERED that Defendant/Third-Party Plaintiff's motion to fix the amount of an undertaking pursuant to CPLR §6515 is denied.

---

[2] In its Decision and Order dated August 20, 2020, this Court also granted Defendant's motion to dismiss the first cause of action for conversion. See, NYSCEF Doc. No. 72.

The foregoing constitutes the Decision and Order of this Court.

**E N T E R**

Dated: April 13, 2021
New City, New York

_____
HON. ROLF M. THORSEN
Acting Supreme Court Justice

TO:  NYSCEF